IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JUSTIN MICHAEL FISHBEIN,** | * | FEB 03 2020 |
| **PLAINTIFF (PRO-SE)** | * | |
| V. | * | Case No. GLS-20-289 |
| | * | |
| **WILLIAM FERRETTI,** | | |
| **CASSANDRA ONLEY,** | | |
| **JOHN THOMAS MANGER,** | * | **CIVIL** |
| **ISIAH LEGGETT,** | | **COMPLAINT** |
| **GINO RENNE,** | | |
| **MONTGOMERY COUNTY, MARYLAND,** | * | **JURY TRIAL** |
| **MONTGOMERY COUNTY (MD) POLICE,** | | **DEMANDED** |
| **UFCW LOCAL 1994, MCGEO,** | * | |
| **DEFENDANTS.** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ISSUES OF LAW IN THIS CASE

a. CONSTRUCTIVE DISCHARGE - DISCRIMINATION
b. WRONGFUL DISCHARGE
c. SLANDER / DEFAMATION
d. FAILURE OF UNION TO FAIRLY REPRESENT
e. BREACH OF CONTRACT WRITTEN/ORAL/IMPLIED
f. NEGLIGENCE RESULTING IN FINANCIAL LOSS
g. FRAUDULENT MISREPRESENTATION
h. MISREPRESENTATION OF FACTS
i. CONSPIRACY
j. RETALIATION / REFUSAL TO EMPLOY
k. INTENTIONAL INFLICTION OF DISTRESS

## I. GOVERNMENT CORRUPTION - WHISTLEBLOWER/ABUSE OF POWER

\* \* \* \* \* \* \* \* \* \* \* \* \*

### FACTS OF THE CASE

1. The Plaintiff is Justin Michael Fishbein, a resident and taxpayer of Olney, Montgomery County, Maryland.
2. The Plaintiff was raised in Montgomery County from 1987 to 2005 and attended Montgomery County Schools.
3. The Plaintiff was hired on May 16, 2005, as a Public Safety Communications Specialist, Grade 15, (also known as a Police Telecommunicator or 911 Dispatcher) with the Montgomery County Department of Police, a Union Position under a Collectively Bargained Labor Contract.
4. The Plaintiff graduated his 911 Dispatcher group at the top of the class and was advanced to begin emergency calls without a trainer monitoring in March 2006.
5. The Plaintiff was promoted to Public Safety Communications Specialist 2 (PSCS 2), Grade 17, November 2006.
6. Beginning in the Spring of 2008, the Plaintiff filed a series of internal complaints regarding on-the-job Anti-Semitism and Harassment by commanding officials within the Montgomery County Police.
7. The harassment consisted of anti-semitic jokes and comments, unwarranted refusals to approve time-off, unwarranted refusals to approve plaintiff's good-faith requests to work with others whom the plaintiff was close with socially and fraternally, and constant harassment over the plaintiff's use of bathrooms and bathroom/restroom privileges within the Police Montgomery County 911 Center, among other similar and regular on-the-job abuse.
8. The Montgomery County Department of Police willfully ignored and/or performed willfully perfunctory examination of the Plaintiff's Anti-Semitism and Harassment Complaints.

1

9. Ongoing on-the-job Anti-Semitism and Harassment was Documented by the Plaintiff to Department of Police Management, Cassandra Onley and William Ferretti, and Brian Melby.
10. The Plaintiff made several phone calls and left several voicemail messages to the office of John Thomas Manger, Chief of Police, to report the Anti-Semitism and On-The-Job Harassment.
11. The Plaintiff's claims to John Thomas Manger were never investigated, and were erroneously closed and the Plaintiff was subjected to ongoing Harassment and Retaliation.
12. Plaintiff alleges that Police Management Officials Cassandra Onley and William Ferretti exchanged a series of **confidential emails** in August 2008, in which Onley exclaims "**Justin is being harassed. Period.**"
13. William Ferretti responds "**Go Back To Your Vacation.**"
14. Plaintiff avers that Ferretti and Onley then **conspired** with Manger to have the Plaintiff removed from employment on grounds of a psychological Fitness-For-Duty-Exam (FFDE), in retaliation for making a complaint of harassment.
15. Plaintiff avers that County Human Resources Official Ricky Wright, M.S., recognized the FFDE for the sham that it was and immediately Denied the FFDE.
16. Plaintiff avers that Ricky Wright, M.S., who is an African-American male, has been and continues to be repeatedly intimidated into silence by Manger, and County Human Resources Officials.
17. Plaintiff argues that he was was ultimately Constructively Discharged by Manger, Onley, and Ferretti for not completing the Psychological Fitness For Duty Examination, and for refusing to permit the County to have access to my private primary-care-physician's files. Although I was never given a "Loudermill Hearing," It was made clear to me by Onley and Ferretti that the county would do everything in its power to destroy me personally and professionally, if I did not resign immediately.

2

18. Multiple Subsequent Complaints were made by the Plaintiff to the offices of Gino Renne, President of UFCW LOCAL 1994, MCGEO, the Plaintiff's exclusive bargaining Representative, to no avail.
19. Additional Complaints were made to Sheriff's Deputy Robert Lehman and Corrections Officer Craig Longcor, (Union Officials with UFCW LOCAL 1994, MCGEO) regarding the On-The-Job Harassment and Anti-Semitism suffered by the Plaintiff.
20. November 2008, the Plaintiff was Constructively Discharged from his position as a Public Safety Communications Specialist 2 by way of a coerced-resignation.
21. The Plaintiff's Official Human Resources Records state that the Plaintiff "**Resigned**" - with no secondary reason(s) given in the Personnel Action Form. The Plaintiff disputes this record. UFCW LOCAL 1994 MCGEO refuses to arbitrate this matter, or to represent the Plaintiff whatsoever due to the "Resigned" status.
22. Subsequent to the Plaintiff's Constructive Discharge, the Plaintiff has applied to over **100** vacancies and internships, throughout the Montgomery County Government and Peripheral Agencies (WSSC, WMATA, MNCPPC, etc.) to no avail, many of which are entry-level, "no-experience-will-train" and some with no defined job duties or responsibilities.
23. The Plaintiff avers that the County Officials Isiah Leggett, George Leventhal, and John Thomas Manger, Gino Renne et al, have misused their authority to intentionally and willfully conceal/destroy public records, and to deny Plaintiff these and other positions.
24. The Plaintiff attempted dozens, if not hundreds of times to utilize his access to Non-competitive re-appointment, which was denied repeatedly and Plaintiff avers these denials to positions such as **County 311 operator, etc.** or **lower**-grade positions, were repeatedly denied due to Anti-Semitism, Harassment, and Retaliation.
25. The Plaintiff sought reappointment to any position, including temporary summer positions, unpaid internships, and has applied to various County-orchestrated volunteer Firehouses, to no avail.

3

26. Beginning in 2014, Plaintiff began to exercise first-amendment-rights to publicly demonstrate outside of political events orchestrated by the County, or at County office buildings.
27. At No Time was the Plaintiff ever issued an Order by the Montgomery County Police, Montgomery County Sheriff, or any other law enforcement body to refrain from coming into or onto County Property.
28. To rephrase paragraph 27 in another manner: As of the date of this filing, the Plaintiff has **never** been issued a No-Trespass-Order by the Montgomery County Police, Montgomery County Sheriff, or any other law enforcement body, to refrain from coming into or onto County Property or not to demonstrate on or near County Property.
29. The County Police and County Security Officials began to harass, intimidate, and photograph the Plaintiff while the Plaintiff was engaged in first-amendment-protected Demonstrations throughout 2014-2015. One such incident involved County Security approaching the Plaintiff on the corner of Maryland avenue, in front of the Montgomery County Courthouse, walking up to the plaintiff, and sticking a camera in the Plaintiff's face. The security official then began to intimidate the Plaintiff, stating to him that "he had a photo of [the plaintiff] with a beard, and he just wanted to get a photo without a beard."
30. The Plaintiff brought these issues to the attention of Montgomery County Officials Isiah Leggett and George Leventhal, who were the County's Executive and Council President in 2014-2015.
31. The Plaintiff avers that both M.C. Officials Threatened Plaintiff with Retaliation if Plaintiff did not stop his public demonstrations.
32. The Plaintiff avers that Isiah Leggett at one point contacted the Plaintiff on the Plaintiff's personal cell phone and threatened the Plaintiff with violence from his supporters.
33. The Plaintiff avers that Isiah Leggett, George Leventhal, and John Thomas Manger concentrated the corrupt use of their powers to intentionally and willfully Harass, Intimidate, and Abuse the Plaintiff in

4

34. the form of trumped-up, malicious fraud, and defamatory misrepresentation of facts, the result of which cost the Plaintiff tens-of-thousands of dollars in damages to defend.
34. Harm to the Plaintiff continues to Toll. The Plaintiff avers that the Plaintiff is and continues to be the victim of ongoing Harassment, Retaliation, and Anti-Semitism by the Montgomery County Government, and other Defendants, as of today January 2020, as the plaintiff continues to apply to various positions throughout county, state, and/or local municipal agencies and all of them are denied as the result of ongoing Harassment and Defamation by the County and Union officials.
35. Plaintiff avers that his Complaints and Documentation of Abuses of Power and violations of Criminal and Civil regulations have led to the Dismissal and/or reassignment or removal of Montgomery County Management Personnel, to include: 911 Supervisor Jodi Merritt, 911 Supervisor Robert Williams, and former 911 Director Brian L. Melby
36. Plaintiff Demands a Jury Trial and Seeks Damages of at least $600,000. Estimating at least $50,000 in losses multiplied by 12 years (2008 to 2020).

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## RELIEF SOUGHT

**Plaintiff seeks monetary damages in the amount of <u>at least $600,000</u>**

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATION

**Under Penalty of Perjury, Plaintiff Avers the foregoing pleading is Correct and True to the Best of the Plaintiff's Knowledge and Belief.**

*/s/ Justin M. Fishbein*  1/30/2020
Justin Michael Fishbein, Plaintiff

5